Cartter, C. J.,
delivered the opinion of the court, to the effect following:
We think this action was properly brought in trover. The contract in effect is that the property was to be returned to the plaintiff upon his paying the $400 with interest and expenses of livery within a period of six months. If a tender was made within that time of all that was due the defendant, and he refused to redeliver the property, or had disposed of it by sale to other parties, this undoubtedly amounted to a conversion. By the latter act he was unable to comply with his express agreement to return it. (Sargeant vs. Blunt, 16 John., 73.)
Under our present law the contract on its face was usurious, and valid only for the amount lent without any interest. (16 Stat. at Large, p. 91.) The jury have found that the whole amount due defendant was tendered within the six months, which entitled the plaintiff to the possession of the property, and to maintain an action for its recovery.
The court instructed the jury that if they should find from the evidence that the plaintiff had not unreasonably used the *148 property and had been deprived of its use, the defendant would not be entitled to recover anything for keeping the horses. We can see no reasonable objection to this instruction. The contract provided that the plaintiff should pay the livery and shoeing expenses, and that he should have the reasonable use of the property during the term of the six months. It is plain that the use of the horses which the plaintiff was to enjoy is to be regarded as a compensation for his undertaking to pay the expenses of keeping them, and the direction to the jury only gave effect to this Mr construction of the agreement.
We are of opinion that the judgment must be affirmed.